CHARLES J. SCHUCK, Judge.
On or about the 23rd day of May 1939, the state road commission entered into a contract with the claimant, a contracting company, for the purpose of building, improving, and making a certain public road in Randolph county, West Virginia, running from what is known as Valley Head to Monterville, about four miles in length, and known as project No. f. a. 205-b (1). Work was commenced on this project during the summer of 1939, and not having been completed, the work was carried on through part of the winter and the project finished in the summer of 1940. During the said winter and spring of 1939-40 a *166 lane was kept open for traffic, and it became necessary to use stone as a base in order that traffic could pass, since the season of the year had made it impossible to use the said lane without using what is commonly termed road metal, meaning thereby stone or similar material, to form a base for the said road, in order that it could be used for traffic. The evidence shows that a number of very heavy trucks were passing over this lane daily, and thereby cutting deeply into the road and making it necessary to use the material aforesaid to make the road passable. In its attempt to take care of the highway in question for traffic purposes, the state furnished and the contractor spread on the said lane some ten or twelve tons of what is known as No. 6 stone, a stone about three-fourths of an inch in diameter, and which evidently was found inadequate for the purpose intended. It became necessary to have larger and more substantial stone for the base of the traffic lane, and this material was furnished by the contractor, for which it makes it claim. The state refuses to pay the claim, maintaining that a provision contained in the standard specifications concerning road construction, which said specifications were made part of the contract in question, exempts the state from payment. The specifications contain the following provision, to-wit:
“All temporary facilities herein provided shall be at the expense of the contractor, except that the commission may reimburse the contractor for the furnishing and placing of suitable road metal for stabilizing traffic lanes or temporary detours, or may do such work with its own forces as may be directed by the engineer.”
That it was necessary to have other and different material than that furnished by the state to stabilize the lane in question and make it usable for traffic, there can be no question; and there is further no question that, so far as the contract was concerned, that the contractor was not specifically charged with the duty of supplying at its own cost and expense the road material or stone necessary to be used to stabilize the traffic lane.
*167 There was some controversy in the evidence as to whether or not the state had theretofore made allowance to contractors for supplying what is termed as road metal, but we feel that a fair analysis of the testimony submitted, including the testimony adduced by the state, clearly shows that where the state desires a traffic lane to be stabilized and kept open for the traveling public, it has assisted the contractor in bringing about the desired result and has paid the expense of furnishing the material and the contractor has been obliged to stand the expense of spreading the material and thus putting the road in proper condition. The evidence shows that it was a difficult road, by reason of its location in the hilly or mountainous sections of Randolph county, to be kept passable during the winter months, and that it required considerable attention, so far as material was concerned, in stabilizing the said traffic lane. Evidence is also produced by the claimant that its superintendents in charge of the work were specifically ordered by those in charge of the work for the state to supply the material necessary to keep the said lane passable, but this part of the testimony is denied by the state’s witnesses. However, we repeat that a fair deduction, from all the evidence, leads to the conclusion that under similar circumstances the state has heretofore paid contractors for supplying the said road material or metal when the state desired to keep the road open and stabilized for public travel and traffic, and we feel that the contracting company had the right to rely on this custom in supplying the necessary material to properly stabilize the traffic lane. Its claim is in the amount of $860.50. In fact, the claimant, by its witnesses, maintains that the work and expense entailed in gathering the material necessary to keep the said lane open to traffic was many times the amount that is here claimed. Under all the circumstances, we feel that in justice to all parties an award should be made to the claimant and therefore, find accordingly in the amount of eight hundred sixty dollars and fifty cents ($860.50).